IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **PRISCILLA WILLIAMS, an individual,** ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: 2:17-cv-531 |
| ) | |
| **CIRCLE K STORES, INC., et al.** ) | |
| ) | |
| Defendant(s). ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant, Circle K Stores, Inc. ("Defendant" or "Circle K"), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action filed by Plaintiff Priscilla Williams in the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. In support of this Notice, Circle K shows the following:

### A. PROCEDURAL BACKGROUND

1. This case was commenced by Plaintiff on July 18, 2017, in the Circuit Court of Jefferson County, Alabama, Case No. 03-CV-2017-901095. The documents attached as Exhibit "A" constitute all of the process and pleadings

served and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

2. Service of process was issued to Defendant *via* certified mail on July 18, 2017, and Defendant was served with a copy of the Summons and Complaint on or about July 20, 2017. [See Exhibit "A," document 5]

3. This Notice of Removal is filed in the United States District Court for the Middle District of Alabama, Northern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

4. This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

5. Promptly after the filing of this Notice, Defendant is filing a copy with the Clerk of the Circuit Court of Montgomery County, Alabama as required by 28 U.S.C. § 1446(d).

## B. DIVERSITY OF THE PARTIES

6. Plaintiff is a resident of the State of Alabama. [Exhibit "A" - Complaint, ¶ 1] Upon information and belief, Plaintiff is domiciled in the State of Alabama and intends to reside and remain in the State of Alabama. [See, Answer, Thirty-First Defense ¶ 1] Thus, Plaintiff is a citizen of the State of Alabama.

7. Circle K is a foreign limited liability company organized under the laws of the State of Texas with its principal place of business in the State of Texas.

(Exhibit A – Complaint, ¶ 2; See Answer, Thirty-Eighth Defense, ¶ 2 filed contemporaneously herewith)

8. The parties identified above constitute all of the non-fictitious parties to this action, and there is complete diversity of citizenship between them, thereby satisfying the citizenship requirements of 28 U.S.C. § 1332.

9. Citizenship of the fictitious defendants should be ignored for the purposes of removal. 28 U.S.C. § 1441(a).

## C. AMOUNT IN CONTROVERSY

10. In order to be removable, there must be at least $75,000.00 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a).

11. Plaintiff's Complaint alleges claims of negligence and wantonness against Defendant and demands compensatory and punitive damages. [Exhibit A - Complaint].

12. The Complaint, which seeks compensatory and punitive damages from Defendant, states in part that Plaintiff was caused to suffer severe embarrassment, mental anguish, suffering, severe paranoia, and has sought psychological treatment and therapy. [Exhibit "A" – Complaint, ¶ 27].

13. Based upon the precedent of *Bush v. Winn Dixie, LLC*, 132 F. Supp. 3d 1317 (N.D. Ala. 2015), Plaintiff's Complaint setting forth claims of negligence and wantonness and damages referenced above establishes the requisite amount in

controversy. *Id.* at 1318. See also *Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that "plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will not accept more.  Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a new and heavy burden"); *Green v. Wal-Mart Stores East, L.P.*, No. 2:14-cv-1684-WMA, 2014 WL 6792043 (N.D. Ala. Dec. 2, 2014) (holding that "[i]n her complaint, [plaintiff] . . . alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages. Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00.  Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000").

14. In *Bush,* this Court granted Plaintiff's Motion to Remand, holding that the defendant failed to timely file its Removal Notice within thirty (30) days of receipt of Plaintiff's Summons and Complaint. *Bush*, 132 F. Supp. 3d 1321-22. Despite the fact the *Bush* Complaint contained no *ad damnum* clause and did not specify the alleged body parts that were purportedly injured as a result of the

incident, the Court noted that "the [Eleventh Circuit] ... has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000." *Id.* at 1318. The Court went on to state that "[t]his new opening of the federal courts of Alabama to non-resident defendants has taken away the artificial and unfair obstacle to removal erected by Alabama plaintiffs, namely, the expedient of leaving out an *ad damnum* clause." *Id.* at 1318-19. "This Court has since 2010 reversed course and held that a plaintiff ... who wants to stay in her chosen forum must formally acknowledge a $74,999.99 limitation on any recovery." *Id.* at 1319.

15. Plaintiff's Complaint in the case at bar does not expressly disclaim entitlement to more than $74,999.99, nor does Plaintiff's Complaint categorically state that she will not accept more. In short, Plaintiff's Complaint does not formally acknowledge a $74,999.99 limitation on any recovery.

16. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010), is a decision addressing the removal of cases based solely on the face of the Complaint. The *Roe* opinion noted that the decision in *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), dealt only with cases removed based on the defendant's

receipt of an amended pleading or "other paper" which indicated for the first time that the case was removable. It noted that any of the *Lowery* court's commentary as to cases removed under U.S. § 1446(b)(1) was *dicta* as opposed to binding precedent. *Roe*, 613 F.3d at 1061, n3 (*citing Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 747 (11th Cir. 2010)). In *Roe*, the Court noted that "It may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the 'the Complaint does not a claim a specific amount of damages'" *Id.* at 1061 (*quoting Pretka*, 608 F.3d at 754; (*quoting Miriam Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). The Court also noted it made little since to rely solely upon the Complaint's statement concerning damages as doing so would allow skilled plaintiffs' attorneys to effectively "make federal jurisdiction." *Id.* at 1064 (*quoting Pretka*, 608 F.3d at 766). Instead, district judges should use "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in making an independent assessment of the amount of the claim damages based on the pleadings. *Id.* at 1061-2 (*quoting Pretka*, 608 F.3d at 754).

17.   Following *Roe*, district judges in the Northern District of Alabama have held that the amount in controversy threshold is met or a Complaint seeks "unspecified damages of various kinds, such as punitive damages and emotional distress" and does not *disclaim* recovery of $75,000.00 or above. *Smith v. State*

*Farm Fire & Cas. Co.*, 868 F. Supp. 2d. 1333, 1335 (N.D. Ala. 2012); *See also Hogan v. Mason*, 2017 U.S. Dist. LEXIS 55055 (N.D. Ala. April 11, 2017); *Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 1317 (N.D. Ala. 2015); *Seckel v. Travelers Home & Marine Ins. Co.*, 2013 U.S. Dist. LEXIS 11582 (N.D. Ala. Jan. 29, 2013).

18.    Despite the lack of demanding in excess of $75,000.00 in the Complaint, the amount in controversy threshold is met based upon Plaintiff's written settlement demands for $2,500,000.00, which were made on February 27, 2017 (a true and correct copy of the correspondence is attached hereto as Exhibit "B") and again on June 15, 2017 (a true and correct copy of this correspondence is attached hereto as Exhibit "C"). In the removal context, federal law requires "an amended pleading, motion, order or other paper" if jurisdiction is not established by the initial pleadings. 28 U.S.C. § 1446(b). In *Lowery v. Alabama Power Co.*, the Eleventh Circuit Court of Appeals held that the document which indicates federal jurisdiction – "be it the initial complaint or a later received paper – and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." 483 F. 3d. 1184, 1211 (11th Cir. 2007). In particular, the jurisdictional amount may be ascertained from a settlement demand letter, which falls within the "other paper" category of § 1446(b). *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759 (5th Cir. 2000), *cited* by *Lowery*, 483 F.3d at 1213, n.62. *See also Golden*

*Apple Management Co., Inc. v. GEAL Computers, Inc.,* 990 F. Supp. 1364 (M.D. Ala. 1988). Thus, the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. *See Pretka v. Kolter City Plaza, III, Inc.,* 608 F.3d 744, 767 (11th Cir. 2010) ("Section 1446(b) is based on the recognized policy of the federal courts to require, as far as possible, prompt action on the party of those seeking a removal so as to avoid the evils of the delay necessarily attendant upon the change of forum.")(*citation omitted*).

19. Plaintiff's settlement demand letter and supporting documentation is exactly the type of settlement that demand that federal district courts in Alabama have held to be probative of the amount in controversy. See generally *Benandi v. Medicom Southeast, LLC,* 2011 U.S. Dis. LEXIS 125084 (S.D. Ala. October 24, 2011)(Holding that demands are significant in determining the amount in controversy when they include specific information concerning the plaintiff's claim damages); *McCullough v. Plum Creek Timberlands,* 2010 U.S. Dis. LEXIS 23 (M.D. Ala. January 4, 2010); *Jackson v. Select Portfolio Service, Inc.,* 651 F. Supp. 2d. 1279 (S.D. Ala. 2009); *Golden Apple Management Co. v. Geac Computers, Inc.,* 990 F. Supp. 1364 (S.D. Ala. 1998).

20. Circle K denies it is liable to Plaintiff in any amount but does not dispute the amount in controversy exceeds $75,000.00, as evidenced by Plaintiff's Complaint and written settlement demand.

21.   Based upon the above, the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. See *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007).

### D. TIMELINESS

22.   The removal is filed within thirty (30) days from when Circle K was served with the Summons and Complaint and is therefore timely. 28 U.S.C. § 1446(b).

### E. CONCLUSION

23.   Defendant satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy and removal is proper. 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the filing of this Notice of Removal, the filing of written notice to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Montgomery County, Alabama, shall justify removal of said suit to this Honorable Court.

Respectfully submitted this the 7th day of August, 2017.

/s/ Glenn E. Ireland
GLENN E. IRELAND (ASB-4158-e51g)
VIRGINIA F. GAMBACURTA (ASB-2046-i71f)
Attorneys for Defendant

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  cireland@carrallison.com
　　　　vgambacurta@carrallison.com

**CERTIFICATE OF SERVICE**

　　　　I hereby certify that on the 7th day of August, 2017, I have served a copy of the above and foregoing on counsel for all parties by:

　　　　\_\_\_\_\_Facsimile transmission;
　　　　\_\_\_\_\_Hand Delivery;
　　　　\_\_\_\_\_Placing a copy of same in the United States Mail,
　　　　　　　properly addressed and first class postage prepaid to; and/or
　　XX　Using the Alafile or CM/ECF system which will send notifications of such to the following:

Kent W. Frost, Esq.
Parkman White, LLC
1929 3rd Avenue North, Suite 700
Birmingham, AL  35203
kfrost@parkmanlawfirm.com

　　　　　　　　　　　　／s／ _____
　　　　　　　　　　　　OF COUNSEL