ELECTRONICALLY FILED
7/18/2017 10:53 AM
03-CV-2017-901095.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| PRISCILLA WILLIAMS, an individual; | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: |
| | ) |
| CIRCLE K STORES, INC., a corporation; | ) |
| and FICTIONAL DEFENDANTS A | ) |
| THROUGH N, DESCRIBED AS FOLLOWS, | ) |

Defendant A, whether singular or plural, is that entity or those entities, other than the named parties, who or which negligently or wantonly caused or contributed to the injuries made the basis of this lawsuit. Defendant B, whether singular or plural, is the owner(s) of the premises where the Plaintiff was filmed and discovered a hidden camera in the women's restroom. Defendant C whether singular or plural, is that entity or those entities who or which negligently or wantonly failed to maintain the premises where the Plaintiff was filmed and discovered a hidden camera in the women's restroom. Defendant D, whether singular or plural, is that entity or those entities and/or person, who failed to properly hire, train, supervise and/or retain any and all persons, employees, servants, agents, and/or entities. Defendant E, whether singular or plural, is that entity or person who acted negligently, wantonly, and/or intentionally to cause or contribute to Plaintiff's injuries. Defendant F, whether singular or plural, is that entity or person who failed to adequately maintain the restroom where the Plaintiff was filmed and discovered the hidden camera. Defendant G, whether singular or plural, is that entity or person who was responsible for properly maintaining the restroom in question. Defendant H, whether singular or plural, is that entity or person who provided any third party or independent contracting services to maintain the restroom. Defendant I, whether singular or plural, is that entity or person whose conduct combined and concurred with the actions or ommissions of any other person or entity to cause harm to the Plaintiff. Defendant J, whether singular or plural, is that entity or person who exercised any control or right of control of the maintenance of the restroom, including but not limited to ensuring compliance with building codes and/or that the restroom was in proper condition, safe for business invitees. Defendant K, whether singular or plural, is that entity or person who owned, controlled and/or retained any right of control over the subject property. Defendant L, whether singular or plural, is that entity or person who owed any duty to the Plaintiff. Defendant M, whether singular or plural, is that entity or person whose actions or omissions caused harm to the Plaintiff. Defendant N, whether singular or plural, is that person or entity that owned the subject property or that leased, rented, or otherwise let the subject property to the Circle K Store at 7891 Vaughn Road, Montgomery, AL 66116 on February 3, 2017;

)
Defendants.                                                         )

---

**VERIFIED COMPLAINT**

## **I. PARTIES**

1. Priscilla Williams is an individual resident of Birmingham, Alabama and is over 19 years of age.

2. The Defendant, Circle K Stores, Inc., is a foreign corporation which does business in Montgomery County, Alabama, more specifically at the Circle K store located at 7891 Vaughn Road, Montgomery, AL 66116.

3. Defendant A, whether singular or plural, is that entity or those entities, other than the named parties, who or which negligently or wantonly caused or contributed to the injuries made the basis of this lawsuit.

4. Defendant B, whether singular or plural, is the owner(s) of the premises where the Plaintiff was filmed and discovered a hidden camera in the women's restroom.

5. Defendant C whether singular or plural, is that entity or those entities who or which negligently or wantonly failed to maintain the premises where the Plaintiff was filmed and discovered a hidden camera in the women's restroom.

6. Defendant D, whether singular or plural, is that entity or those entities and/or person, who failed to properly hire, train, supervise and/or retain any and all persons, employees, servants, agents, and/or entities.

7. Defendant E, whether singular or plural, is that entity or person who acted negligently, wantonly, and/or intentionally to cause or contribute to Plaintiff's injuries.

8. Defendant F, whether singular or plural, is that entity or person who failed to adequately maintain the restroom where the Plaintiff was filmed and discovered the hidden camera.

9. Defendant G, whether singular or plural, is that entity or person who was responsible for properly maintaining the restroom in question.

10. Defendant H, whether singular or plural, is that entity or person who provided any third party or independent contracting services to maintain the restroom.

11. Defendant I, whether singular or plural, is that entity or person whose conduct combined and concurred with the actions or omissions of any other person or entity to cause harm to the Plaintiff.

12. Defendant J, whether singular or plural, is that entity or person who exercised any control or right of control of the maintenance of the restroom, including but not limited to ensuring compliance with building codes and/or that the restroom was in proper condition, safe for business invitees.
13. Defendant K, whether singular or plural, is that entity or person who owned, controlled and/or retained any right of control over the subject property.
14. Defendant L, whether singular or plural, is that entity or person who owed any duty to the Plaintiff.
15. Defendant M, whether singular or plural, is that entity or person whose actions or omissions caused harm to the
16. Plaintiff. Defendant N, whether singular or plural, is that person or entity that owned the subject property or that leased, rented, or otherwise let the subject property to the Circle K Store at 7891 Vaughn Road, Montgomery, AL 66116 on February 3, 2017.
17. The identities of any Fictitiously Named party will be substituted when so ascertained.
18. The incident which forms the basis of this case occurred at the Circle K store located at 7891 Vaughn Road in Montgomery County, Alabama.
19. On information and belief of the Plaintiff that the fictitious Defendants, A through N, are individual citizens and residents of the State of Alabama and Montgomery County, Alabama and/or corporations which have been doing business in Montgomery County, Alabama at all material times herein.

## II. FACTS

20. On or about February 3, 2017, Circle K Stores, Inc. (Circle K) owned the property where the Circle K Store is located at 7891 Vaughn Road in Montgomery County, Alabama.
21. On that day, Circle K as the owner, had a duty to provide and maintain a clean, private, and safe restroom to business invitees.
22. Priscilla Williams came to the Circle K store as a business invitee.
23. Mrs. Williams used the one toilet women's restroom in the Circle K store with the expectation of privacy and safety.
24. Mrs. Williams used the facilities, and while she was sitting on the toilet, she noticed a

small object under the sink of the restroom, sticking out of what appeared to be a wrap to patch a leaky pipe.

25. Upon further inspection, Mrs. Williams leaned forward, grabbed the object, and pulled it, the connecting wire, battery pack, and the body of a small camera out of the wrapped pipe (Exhibit A).

26. Mrs. Williams inspected the device, realized it was a camera, pulled the camera into pieces, and then tossed it into the trash before leaving the restroom to inform the Circle K store attendant what she had discovered. The police were contacted by Circle K.

27. As a direct and proximate result, Mrs. Williams was caused to sustain and suffered from severe embarrassment, mental anguish, suffering, severe paranoia, and has been forced to seek psychological treatment and therapy.

## III. NEGLIGENCE/WANTONNESS

28. The Defendants owed a duty to the Plaintiff not to create, cause and/or allow unreasonably dangerous conditions to exist on the premises, including but not limited to failing to inspect and provide a safe and private restroom for all business invitees.

29. The Defendants breached their duty to the Plaintiff in one or more of the following respects:
    a. Failed to exercise reasonable care to provide and maintain a reasonably safe premise for use by those lawfully on the premises;
    b. Failed to maintain the premises in such a manner so as not to constitute a hazard to those persons on the premises;
    c. Failed to inspect, monitor, remove, and/or alter conditions on the premises likely to cause injury;
    d. Failed to properly monitor who entered the women's restroom;
    e. Failed to have adequate policies and procedures to address hazards, customer safety, and customer privacy in the restroom.

30. The Defendants were negligent and/or wanton in the breach of their duties.

## IV. PREMISES LIABILITY

31. The Defendants held their business open to the public as a gas station and convenience store. They had a duty to their customers and/or to persons on the premises, including the Plaintiff, to ensure that the premises were in a safe condition.

32. By failing to properly hire, train, supervise, and/or retain employees, by failing to properly maintain the premises, by failing to properly inspect the women's restroom, and by failing to properly monitor who entered the women's restroom, the Defendants created a dangerous condition.

## V. NEGLIGENT/WANTON SUPERVISION/HIRING/RETENTION

33. The Defendants had a duty to properly hire, train, supervise, and/or retain its employees to properly maintain the premises, and/or to properly maintain, inspect, monitor who entered the women's restroom, and/or to remove dangerous conditions from the restrooms. The Defendants failed in their duty.

## VI. RESPONDEAT SUPERIOR

34. The Defendants are liable for the actions or omissions of the conduct of their employees performed in the line and scope of employment.

35. The Defendants are liable to the extent that any employee, servant, and/or agent of the Defendants failed to adequately maintain the premises and/or properly maintain, inspect, monitor who entered the women's restroom, and/or remove dangerous conditions from the women's restroom or engaged in any other act or omission that caused harm to the Plaintiff.

## VII. REQUEST FOR RELIEF

36. As a proximate consequence, the Plaintiff was injured. Wherefore, the Plaintiff respectfully requests compensatory and punitive damages, plus interest, fees, and costs.

## VIII. STATEMENT OF JURISDICTION

37. Jurisdiction is proper in the Montgomery County Circuit Court as the injury occurred in Montgomery County.

## IX. REQUEST FOR TRIAL BY JURY

38. The Plaintiff respectfully requests trial by jury of all issues so triable.

Respectfully submitted this 18th day of July, 2017.

Priscilla Williams

STATE OF ALABAMA
COUNTY OF JEFFERSON

Before me, the undersigned, a Notary Public, personally appeared the Plaintiff, who is known to me, and who being by me first duly sworn, subscribed to the foregoing Complaint, and acknowledged before me that being duly informed of the contents of the Complain, she executed the same voluntarily.

Amanda Dail Higgins
Notary Public

11/17/19
My Commission Expires

/s/ Kent W. Frost
KENT W. FROST (FRO015)

OF COUNSEL:
Parkman White, LLP
1929 3rd Ave. N.
Suite 700
Birmingham, AL 35203
(205) 502-2000
kfrost@parkmanlawfirm.com

## SERVICE

*Please serve the following Defendants by certified mail:

**Circle K Stores, Inc.**
**Via Registered Agent: CSC Lawyers Incorporating Service**
**150 South Perry Street**
**Montgomery, AL 36104**