IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PRISCILLA WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:17-CV-531-SMD |
| | ) |
| CIRCLE K STORES, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

On January 24, 2018, Plaintiff filed a Complaint (Doc. 1-1) in state court bringing claims of negligence, wantonness, and negligent/wanton supervision, hiring, and retention against Defendant. *Id.* at 4-5. Plaintiff's claims arise from an incident at one of Defendant's convenience stores where an unidentified individual installed a hidden camera in the women's restroom and Plaintiff discovered the camera while using that restroom. *Id.* at 3-4. Plaintiff argues that Defendants breached their duty to her to maintain the premises in a reasonably safe condition and to protect her from harm. *Id.* at 4. On August 7, 2017, Defendant removed (Doc. 1) Plaintiff's Complaint to this Court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1446. The parties have consented (Docs. 9, 10) to jurisdiction by a United States Magistrate Judge.

On March 4, 2019, Defendant filed a Motion for Summary Judgment. (Doc. 26). Plaintiff filed a Response (Doc. 33) and Defendant Replied (Doc. 34) arguing that Plaintiff failed to show that Defendant owed Plaintiff a duty to protect her from the criminal acts of a third-party as required by Alabama negligence law. *Id.* at 10; *see Saccuzzo v. Krystal Co.*, 646

So. 2d 595, 596 (Ala. 1994). In her Response (Doc. 33) to Defendant's Motion, Plaintiff argues that, because she had a "special relationship" with Defendant, she falls within an exception to the general rule that a person has no duty to protect another from criminal acts of a third person. *Id.* at 8-9; (citing *Saccuzzo*, 646 So. 2d at 596). Specifically, Plaintiff argues that she had a special relationship with Defendant because she was in a "unique and vulnerable relationship" with Defendant when she used its bathroom and because Defendant had "notice of the propensity of crime to happen in the area. . . ." *Id.* In its Reply (Doc. 34) to Plaintiff's Response, Defendant argues that it did not possess actual or constructive notice of any danger to Plaintiff because the particular criminal activity that formed the basis of Plaintiff's Complaint was unforeseeable. *Id.* at 5 (citing *New Addition Club, Inc. v. Vaughn*, 903 So. 2d 68, 76 (Ala. 2004)). For the reasons that follow, the undersigned concludes that Defendant's Motion for Summary Judgment is due to be granted.

## II. UNDISPUTED FACTS[1]

On February 3, 2017, Plaintiff and her family were traveling from Birmingham, Alabama to Dothan, Alabama. During the trip, Plaintiff began to feel sick, so the family stopped at Defendant's store on Vaughn Road in Montgomery, Alabama in order for Plaintiff to use Defendant's restroom. (Doc. 33-1) at 27:1-14. When Plaintiff entered the store, she proceeded directly to the women's restroom. *Id.* at 29:7-9. While Plaintiff was using the toilet in the women's restroom, she looked towards the sink and noticed something sticking up from a wrap on the plumbing underneath the sink. *Id.* at 27:7-15. Plaintiff reached out and grabbed

---

[1] In making its determination on summary judgment, the Court must view all evidence and any factual inferences in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When the evidence is in conflict, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

2

the object, which she immediately recognized as a camera. *Id.* at 29:16-21. Plaintiff tore the lens off of the camera, threw all pieces of the device in the trash can, and exited the restroom. *Id.* at 29:18-21.

Plaintiff reported her discovery to the employee on duty, who then called the store manager and notified her of the situation. *Id.* at 30:6-19; (Doc. 33-3) at 9:9-12. The store manager was off shift at the time of the incident, but returned to the store after receiving the call. (Doc. 33-3) at 44:4-16; (Doc. 33-4) at ¶¶ 4-6. The store manager then called her supervisor and the police. (Doc. 33-4) at ¶¶ 8-9. A subsequent investigation revealed surveillance footage of an African-American male entering the women's restroom about an hour prior to Plaintiff using the restroom. *See* (Doc. 33) at 5; (Doc. 27) at 7-8.

Prior to this incident, the only recent, known criminal activity that occurred inside the subject store involved a non-violent theft from the store's office in December of 2015. (Doc. 27-3) at 25:11-18; (Doc. 27-4) at ¶19; (Doc. 27-5) at 86:20-87:4. Additionally, prior to the subject incident, there was a shooting on nearby Vaughn Road, and a stray bullet from that shooting struck the store's front windows. (Doc. 27-3) at 25:11-26:1.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir.

2004) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). The applicable substantive law identifies which facts are material. *Id*. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. *Id*. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id*. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Patton v. Triad Guar. Ins. Corp.*, 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences that are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Allen v. Tyson Foods, Inc*., 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted); *see also Matsushita*, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

## IV. DISCUSSION

### A. Plaintiff's Argument

Plaintiff asserts claims of negligence and wantonness[2] against Defendant and avers that Defendant breached its duty to protect her from harm under three alternative theories of liability. *See generally* (Doc. 33).

First, Plaintiff argues that Defendant had a duty to protect her from the criminal acts of third parties based on her "special relationship" with Defendant. *Id.* at 8-9. Citing an exception to "[t]he general rule . . . that '[i]t is difficult to impose liability on one person for an intentional criminal act committed by a third person,'" Plaintiff asserts that a special relationship existed because: 1) she was in a "vulnerable" state; and 2) Defendant had "notice of the propensity of crime to happen in the area and at this specific premises." *Id.* at 9-10 (citing *Young v. Huntsville Hosp.*, 595 So. 2d 1386, 1389 (Ala. 1992).

As to her "vulnerable" state, Plaintiff argues that gas stations such as Defendant's "advertise solely on the cleanliness of their restrooms" and, by the nature of traveling, individuals such as Plaintiff "are stuck in a position where they must use [those] facilities. . . ." *Id.* at 9. Plaintiff asserts that guests entering the facilities of establishments such as Defendant's engage in a "unique and vulnerable relationship" "as one who is incapacitated while . . . completely exposed and trusting of the Defendant's facilities. . . ." *Id.* (citing *Young*, 595 So. 2d at 1389 ("[W]e can hardly imagine a situation in which a person is more dependent

---

[2] Plaintiff also brought claims of negligent/wanton supervision, hiring, and retention. (Doc. 1-1) at 4-5. However, Plaintiff did not address these claims in her Response (Doc. 33) to Defendant's summary judgment motion. "The parties bear the burden of formulating arguments before the district court, and 'grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned. . . .'" (*Brackin v. Anson*, 585 F. App'x 991, 994 (11th Cir. 2014) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995)). Accordingly, the undersigned will not address Plaintiff's claims of negligent/wanton supervision, hiring, and retention, will deem them abandoned, and will grant judgment in Defendant's favor as to those claims.

on another for basic bodily protection and care than the situation of an anesthetized or sedated patient.")).

As to Defendant's awareness of crime in the area, Plaintiff contends that Defendant had notice of "the propensity of crime to happen in the area and at this specific premises." *Id.* at 10. Plaintiff avers that the previous robbery and the stray bullet striking the store provided actual notice, while employee training on "how to safely operate the station at night to avoid crime" is evidence that Defendant was aware that the store was "open to situations that will injure licensees and invitees alike" and, therefore, Defendant had a duty to "take appropriate action" to protect its licensees and invitees. *Id.*

Second, Plaintiff argues that, even if no special relationship existed with Defendant, Defendant still had a duty under general premises liability standards to warn her, as an invitee, of hidden defects and dangers known to the landowner but hidden or unknown to the invitee. *Id.* at 11 (citing *Hambright v. First Baptist Church-Eastwood*, 638 So. 2d 865, 868 (Ala. 1994)). Generally, "[a] person who enters the land with the landowner's consent to bestow some material or commercial benefit upon the landowner is deemed an invitee." *Hambright*, 638 So. 2d at 868 (citing *Lloyd v. Joseph*, 496 So. 2d 771 (Ala.1986)). Plaintiff avers that, although she did not go to Defendant's store with the intention of making a purchase, she should still be considered an invitee because "she is exactly the type of person that the Defendant targets for their customer base and usage." *Id.* Indeed, Plaintiff asserts that "[t]he allure of a clean restroom is part of the gas station marketing plan," and part of "the long game" is that someone who uses a restroom will be "lured into making a purchase" while there. *Id.*

Third, Plaintiff argues that, even if she was considered a licensee rather than an invitee, Defendant still breached its duty to her because it wantonly caused her to be injured. *Id.* at 12.

Generally, "a person who visits a landowner's property with the landowner's consent or as the landowner's guest but with no business purpose occupies the status of a licensee." *Hambright*, 638 So. 2d at 868 (citing *Copeland v. Pike Liberal Arts Sch.*, 553 So. 2d 100, 102 (Ala. 1989)). A licensee is owed a duty "to abstain from willfully or wantonly injuring the licensee and to avoid negligently injuring the licensee after the landowner discovers a danger to the licensee." *Id.* (citing *Graveman v. Wind Drift Owners' Ass'n, Inc.*, 607 So. 2d 199, 203 (Ala. 1992)). Plaintiff asserts that Defendant's conduct was wanton because it consciously chose to understaff the premises during peak business hours and run the store with one cashier and no manager. *Id.* at 12. Plaintiff avers this reckless conduct and "active negligence" created a hidden danger which injured her. *Id.*

**B. Defendant's Argument**

In its Reply, Defendant argues that Plaintiff has failed to meet her burden of showing that there remain any genuine issues of material of fact. (Doc. 34) at 2. First, Defendant asserts that Plaintiff has not presented any specific facts to show that Defendant owed Plaintiff a duty, based on a "special relationship," to protect her from an intentional criminal act committed by a third party. *Id.* at 3. Specifically, Defendant argues that Plaintiff has failed to show she was in a vulnerable state because she has "not offered any evidence or legal authority suggesting that a conscious and un-sedated person's vulnerability is at all comparable to that of an unconscious or sedated person." *Id.* at 3-4 (citing *Young*, 595 So. 2d at 1386). Additionally, Defendant argues that Plaintiff cannot show that Defendant had either actual or constructive knowledge that the particular criminal activity at issue here was a probability. *Id.* at 5-6 (citing *New Addition*, 903 So. 2d at 73 (holding that Alabama law requires a plaintiff to show that the criminal conduct was a probability); *Moye v. A.G. Gaston Motels, Inc.*, 499 So. 2d 1368, 1372

7

(Ala. 1986) (holding that liability will be imposed only where the defendant has specialized knowledge that criminal activity which could endanger an invitee was a probability)).

Second, Defendant argues that Plaintiff has failed to present sufficient evidence that she was an invitee, rather than a licensee, at the time of the incident. *Id.* at 6. Specifically, Defendant avers that Plaintiff presented no evidence to support her contention that Defendant "advertised clean restrooms as part of its marketing plan," and that those restrooms "are intended to confer an advertising benefit. . . ." *Id.* at 6-7. Defendant asserts that, because Plaintiff went to Defendant's store without an intent to make a purchase, she did not confer a commercial benefit on Defendant and, therefore, was only a licensee at the time of the incident. *Id.* at 6 (citing *Lloyd v. Joseph*, 496 So. 2d 771, 773 (Ala. 1986)). Hence, Defendant argues that it only had a duty not to willfully or wantonly injure Plaintiff. *Id.* at 7-9 ("A landowner owes a licensee the duty not to willfully or wantonly injure him or negligently injure him after discovering his peril.").

Third, Defendant argues that Plaintiff's wantonness claim fails because she has not provided evidence indicating that Defendant knew its staffing policies would likely or probably result in the injury suffered by Plaintiff. *Id.* at 9 (citing *Wal-Mart Stores, Inc. v. Thompson*, 726 So. 2d 651, 654 (Ala. 1998)). Defendant asserts that "the connection between [its] policies and the possibility of injury is dubious, at best," and Plaintiff has not adduced evidence showing that Defendant's conduct "rose to the level of conscious disregard required to sustain a finding of wantonness." *Id.* at 8-9.

**C. Analysis**

*1. Plaintiff's Negligence Claim*

*a. Defendant had no duty to Plaintiff based on a special relationship.*

As here, "[w]here federal jurisdiction is based on diversity of citizenship, the substantive law of the forum state applies." *Flintkote Co. v. Dravo Corp.*, 678 F.2d 942, 945 (11th Cir. 1982) (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). "To establish negligence [in Alabama], the plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury." *Lemley v. Wilson*, 178 So. 3d 834, 841 (Ala. 2015) (quoting *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994)) (internal citations omitted). "The general rule in Alabama is that 'absent special relationships or circumstances, a person has no duty to protect another from criminal acts of a third person.'" *Saccuzzo*, 646 So. 2d at 596 (quoting *Moye*, 499 So. 2d at 1370). "For the 'special relationship' exception to apply, there must be a relationship either between the premises owner and the third party or between the premises owner and the plaintiff." *Id.* (quoting *Young v. Huntsville Hospital*, 595 So.2d 1386 (Ala. 1992)).

In addition to proving the existence of a "special relationship," Alabama law requires a plaintiff to prove three elements to establish a duty to protect another from criminal acts of a third person. *Carroll v. Shoney's, Inc.*, 775 So. 2d 753, 755 (Ala. 2000) (citing *Moye*, 499 So. 2d at 1371). "First, the particular criminal conduct must have been foreseeable. Second, the defendant must have possessed 'specialized knowledge' of the criminal activity. Third, the criminal conduct must have been a probability." *Id.* (citing *Moye*, 499 So. 2d at 1372). These three elements are interrelated. Conduct is foreseeable if the Defendant "possessed actual or constructive knowledge that criminal activity which could endanger an invitee was a

9

probability." *Moye*, 499 So. 2d at 1731.  Conduct is a probability if the Defendant has reason to know that it is "occurring or about to occur on the premises. . . ." *Henley v. Pizitz Realty Co.*, 456 So. 2d 272, 277 (Ala. 1984).  Specialized knowledge exists if a Defendant has "reason to know from [its] knowledge of prior criminal activity [on its premises], that there was a likelihood of criminal conduct on the part of a third person that would endanger [an invitee]." *Stripling v. Armbrester*, 451 So. 2d 789, 791 (Ala. 1984).

Here, Plaintiff has failed to show, by substantial evidence, that a "special relationship" existed between her and Defendant such that the exception to the general rule of third-party liability would apply.  Plaintiff argues that she was in a "unique and vulnerable relationship" with Defendant similar to "one who is incapacitated" because gas stations such as Defendant's "advertise solely on the cleanliness of their restrooms," and travelers such as Plaintiff "are stuck in a position where they must use [those] facilities. . . ." (Doc. 33) at 9.  However, as Defendant points out, Plaintiff offered no evidence that Defendant advertised based on the cleanliness of its restrooms, that travelers must use only those facilities, or that using the restroom creates a vulnerability similar to incapacity.  (Doc. 34) at 6-7.

In *Young*, upon which Plaintiff relies, the Alabama Supreme Court held that a special relationship existed between a hospital and a sedated patient because "an anesthetized patient is uniquely dependent upon the hospital for protection."  *Saccuzzo*, 646 So. 2d at 597 (citing *Young*, 595 So. 2d at 1389).  Plaintiff argues that using the restroom is "the most private and intimate of things that people do" and that, while using a public restroom, a traveler is "completely exposed" and "put into a position where they must trust these places. . . ." (Doc. 33) at 9.  However, Plaintiff cites no authority supporting her contention that using the toilet is equivalent to being anesthetized, and the undersigned does not find her argument persuasive.

10

Unlike the sedated patient in *Young*, Plaintiff was conscious, alert, and able to protect herself. *Young*, 595 So. 2d at 1388. Indeed, when Plaintiff noticed the camera in the restroom, she "tore the lens of the camera, threw all pieces of the device in the trash can, and exited the restroom." (Doc. 33) at 3. Therefore, the undersigned agrees with Defendant that Plaintiff has failed to establish that a "special relationship" existed between her and Defendant.

Further, Plaintiff has not established that the particular criminal conduct at issue was either foreseeable by Defendant, a probability (i.e. likely to occur), or that Defendant had "specialized knowledge" of the particular criminal conduct. Plaintiff argues that a previous robbery and a stray bullet striking the store provided notice to Defendant of criminal activity in the area.[3] (Doc. 33) at 10. However, "the 'particular criminal activity, not just any criminal activity,' must be foreseeable." *New Addition*, 903 So. 2d at 76 (citing *Ex parte So. Baldwin Reg'l Med. Ctr.*, 785 So. 2d 368, 370 (Ala. 2000)). Plaintiff does not offer any evidence that Defendant was aware of any prior incidents—either at its store or nearby stores—of individuals surreptitiously installing cameras in bathrooms. Therefore, the undersigned cannot conclude that the particular criminal activity that Plaintiff complains of was foreseeable by Defendant. Nor can the undersigned conclude that Defendant had specialized knowledge that criminal activity of the same nature that harmed Plaintiff was a probability. *See Ortell*, 477 So. 2d at 300; *Stripling*, 451 So. 2d at 791. Thus, the undersigned finds that Plaintiff has failed to show

---

[3] "The number and frequency of prior criminal acts at the place where the injury occurred are used in determining whether a particular criminal act was reasonably foreseeable." *Moye*, 499 So. 2d at 1372. Similarly, prior criminal activity is also used to determine whether a particular criminal act is a probability or whether a person had specialized knowledge. *See Ortell v. Spencer Cos.*, 477 So. 2d 299, 300 (Ala. 1985); *Stripling*, 451 So. 2d at 791. Plaintiff's reference to a single robbery and a nearby shooting fall far short of the "difficult" burden of proof established by the Alabama Supreme Court which requires "a substantial number of prior criminal incidents." *See, e.g., Baptist Mem'l Hosp. v. Gosa*, 686 So. 2d 1147 (Ala. 1996) (finding 57 incidents in 5 years insufficient to give rise to a duty); *Ortell*, 477 So. 2d at 300 (finding 96 crimes in 3 years insufficient to give rise to a duty); *Henley*, 456 So. 2d at 277 (finding 17 crimes in 10 years insufficient to give rise to a duty).

that Defendant had the requisite notice of criminal activity necessary to give rise to a "special relationship" between her and Defendant.

*b. Defendant had no duty to Plaintiff as an invitee.*

Plaintiff argues, in the alternative, that, even if no special relationship existed, Defendant still had a duty warn her, as an invitee, of hidden dangers. (Doc. 33) at 9. Plaintiff asserts that, although she did not go to Defendant's store with the intention of making a purchase, she was still an invitee because "she is exactly the type of person that the Defendant targets for their customer base and usage." (Doc. 33) at 11. Plaintiff asserts that "[t]he allure of a clean restroom is part of the gas station marketing plan," and part of Defendant's "the long game" is that someone who uses a restroom will be "lured into making a purchase" while there. *Id.*

A court "looks to the status of the injured party in relation to the defendant's land or premises in deciding whether the defendant should be held liable for an injury to a visitor upon the land or premises." *Hambright*, 638 So. 2d at 868 (citing *Tolbert v. Gulsby*, 333 So. 2d 129, 131 (Ala. 1976)). "A person who enters the land with the landowner's consent to bestow some material or commercial benefit upon the landowner is deemed an invitee." *Id.* (citing *Lloyd*, 496 So. 2d at 773). "In contrast, a person who visits a landowner's property with the landowner's consent or as the landowner's guest but with no business purpose occupies the status of a licensee." *Id.* (citing *Copeland*, 553 So. 2d at 102). "In order for [a invitee] relationship to arise[,] the person entering onto the premises . . . must have done so for purposes which would have benefited the owner or occupant of the premises . . . or have been of mutual benefit to the invitee and the invitor." *Autry v. Roebuck Park Baptist Church*, 229 So. 2d 469, 473 (Ala. 1969).

12

Here, Plaintiff presented no evidence to support her contention that Defendant advertised clean restrooms as part of its marketing plan and that those restrooms exist to confer any material or commercial benefit upon Defendant. Plaintiff admits that she went to Defendant's store only to use the restroom with no intent to make a purchase. (Doc. 27) at 23. Consequently, Plaintiff did not actually confer a commercial benefit on Defendant, but, rather, "enjoyed unrecompensed hospitality" by Defendant. *See Hambright*, 638 So. 2d at 868. Therefore, the undersigned concludes that Plaintiff was only a licensee at the time of the incident.[4]

Consequently, because Plaintiff was only a licensee, Defendant only had a duty, under Alabama law, to "abstain from willfully or wantonly injuring the licensee and to avoid negligently injuring the licensee after the landowner discovers a danger to the licensee." *Hambright*, 638 So. 2d at 868 (citing *Graveman*, 607 So. 2d at 203). Accordingly, the undersigned turns next to Plaintiff's wantonness claim.

*2. Plaintiff's Wantonness claim.*

"To establish wantonness, the plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty." *Lemley,* 178 So. 3d at 841-42 (quoting *Martin*, 643 So. 2d at 567). To be actionable, the act or omission must occur "while knowing of the existing conditions

---

[4] Even assuming, *arguendo*, that Plaintiff could prove that she was an invitee in Defendant's store, she has still failed to show that Defendant breached its duty to her as an invitee because, as discussed previously, she has not demonstrated that the particular criminal activity at issue was foreseeable. *See supra* note 3 and accompanying text. In Alabama, the law imposes a duty to "warn an invitee of danger, of which he knows, or ought to know, and of which the invitee is ignorant. . . ." *Quillen*, 388 So. 2d at 989. A duty may also be imposed "in the exceptional case where the storeowner possesses actual or constructive knowledge that criminal activity which could endanger an invitee is a probability." *Lloyd*, 496 So. 2d at 773 (citing *Henley*, 456 So. 2d at 277); *see also Moye*, 499 So. 2d at 1371-72 (holding that the particular criminal conduct at issue must be foreseeable).

13

and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Wal-Mart*, 726 So. 2d at 654 (quoting *Bozeman v. Cent. Bank of the South*, 646 So. 2d 601 (Ala. 1994)).

Here, Plaintiff contends that Defendant wantonly caused her injury by consciously and recklessly deciding to understaff the premises during peak business hours and run the store with one cashier and no manager. (Doc. 33) at 12. However, Plaintiff has failed to provide any evidence that running a convenience store with one cashier is reckless or that Defendant knew, or should have known, its staffing policies would likely or probably result in the particular injury suffered by Plaintiff. To support a finding of wantonness, a plaintiff must present sufficient evidence to show that the defendant had "information from which they could have known that an [injury] of the kind which occurred in this case was likely to happen." *Wal-Mart*, 726 So. 2d at 654. Plaintiff has failed to adduce such knowledge by Defendant and, hence, the undersigned concludes that Plaintiff has failed to demonstrate that Defendant's conduct was wanton.

## V. CONCLUSION

For the foregoing reasons, it is

ORDERED that Defendant's Motion for Summary Judgment (Doc. 26) is GRANTED as to all claims and that Plaintiff's Complaint (Doc. 1-1) is DISMISSED. A separate judgment shall enter.

Done, this 5th day of August 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE